UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZACHARY ANDERSON,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE McDONALD, Warden,<br><br>    Respondent.<br>_____/ | No. C-11-2636 EMC (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

## I. INTRODUCTION

Eric Zachary Anderson filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court reviewed the petition as required by 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, and dismissed it with leave to amend because Anderson had not alleged any claims for violations of his rights under the Constitution, laws or treaties of the United States. Anderson then filed an amended petition, a motion for a stay, and a motion for appointment of counsel. The amended petition and motions are now before the Court for consideration.

## II. BACKGROUND

The petition and amended petition provide the following information: Anderson was convicted in Contra Costa County Superior Court of first degree murder and attempted robbery, and several sentence enhancement allegations were found true. On August 26, 2008, he was sentenced to a term of life without the possibility of parole plus 25 years to life in prison. Anderson appealed. In 2010, the California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review. He then filed this action.

## III. **DISCUSSION**

A.   Review of Amended Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges four claims:  (1) Anderson's rights to due process and a fair trial were violated when detectives and the prosecutor physically injured and threatened witness Johnson, prompting him to give false testimony; (2) Anderson's right to effective assistance of counsel was violated when trial counsel (a) failed to submit DNA evidence that would have exonerated Anderson and (b) failed to investigate defense witnesses and an alibi defense; (3) Anderson's rights to due process and to confront witnesses were violated as a result of prosecutorial misconduct that made a witness invoke her Fifth Amendment right in front of the jury; and (4) Anderson's rights under the "Sixth, Fifth and Fourteenth Amendments," Amended Petition, p. 9, were violated by the admission of his co-defendant's extrajudicial statements implicating Anderson. Liberally construed, the claims are cognizable in a federal habeas action.

B.   Motion for Appointment of Counsel

Anderson has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**. (Docket # 9.)

C.     Motion for Stay

Anderson has moved to stay these proceedings and hold his petition in abeyance so that he may exhaust state court remedies for two of his claims. In his motion, Anderson has stated that he only recently obtained evidence in support of those claims. His claims do not appear meritless and his failure to exhaust before filing this action does not appear to be an intentional tactic to delay the proceedings. Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), in which the Court explained that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the Petitioner. Petitioner's motion to stay and hold these proceedings in abeyance is **GRANTED**. (Docket # 8.) The Court will stay this action. Petitioner is cautioned that he must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

## IV.     CONCLUSION

The amended petition states cognizable claims for habeas relief. However, the Court will not at this time order respondent to show cause why the amended petition should not be granted because Petitioner has requested a stay so that he may exhaust state court remedies.

This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Petitioner exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action and lift the stay.

IT IS SO ORDERED.

Dated: April 4, 2012

EDWARD M. CHEN
United States District Judge

3