UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZACHARY ANDERSON, | No. C-11-2636 EMC (pr) |
| Petitioner, | |
| v. | **ORDER REOPENING ACTION, LIFTING STAY, AND SETTING BRIEFING SCHEDULE ON FIRST AMENDED PETITION** |
| MIKE McDONALD, Warden, | |
| Respondent. | |

A. <u>Reopening The Action, Lifting The Stay And Permitting The First Amended Petition</u>

This action was stayed and administratively closed so that Petitioner, Eric Anderson, could exhaust state court remedies as to several of the claims in the amended petition. Anderson has filed a notice of exhaustion of state remedies and application for leave to file a first amended petition (Docket # 12) in which he states that he has exhausted his state court remedies and is ready to proceed.

Upon due consideration, the Court **GRANTS** Anderson's application to file a first amended petition. (Docket # 13.) Although the first amended petition is allowed, the Court declines to determine at this time that the claims therein relate back to those set forth in earlier pleadings. Respondent has not yet been served in this action and has not yet appeared. It is preferable to order Respondent to respond to the first amended petition, and let Respondent raise any procedural defenses in his response.

The stay is lifted. The Clerk will reopen this action that had been closed administratively.

B.     Review of First Amended Petition

The first amended petition asserts the following claims for habeas relief with regard to Anderson's 2008 conviction in Contra Costa County Superior Court:  (1) Anderson's constitutional rights to due process and a fair trial were violated by the prosecutor's "knowing use of evidence obtained from witness Michael Johnson by torture and coercion; by their suppression of prior exculpatory statements made by Johnson; and by their suppression of the fact that agents of the Government used coercive force and threats" to obtain statements from Johnson, Docket # 13, p. 9; (2) Anderson received ineffective assistance of counsel in that counsel failed to competently investigate the case and failed to present readily available exculpatory evidence; (3) Anderson's rights to due process and confront witnesses was violated by the prosecutor's questions that disclosed to the jury an inadmissible statement of witness Yamileh Serrano; and (4) Anderson's right to due process was violated by the admission of a codefendant's extrajudicial statements that implicated Anderson.  Liberally construed, the claims are cognizable in a federal habeas action.  The first amended petition warrants a response.

C.     Scheduling And Miscellaneous Matters

1.     The Clerk shall serve by mail a copy of this order, the petition, amended petition, and first amended petition upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.     Respondent must file and serve upon Petitioner, on or before **November 30, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the first amended petition.

3.     If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **January 11, 2013**.

4.     Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: September 18, 2012

_____
EDWARD M. CHEN
United States District Judge